SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1180 North Town Center Drive, Suite 290
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: scott.lachman@akerman.com

GREGORY L. HILLYER (to be admitted *pro hac vice*)
NICHOLAS J. SULLIVAN (to be admitted *pro hac vice*)
**HILLYER LEGAL, PLLC**
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052
Phone: (202) 686-2884
Fax: (202) 686-2877
Email: ghillyer@hillyerlegal.com
         nsullivan@hillyerlegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARROWHEAD TACTICAL APPAREL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ECOMMERCE INNOVATIONS, LLC (d/b/a We The People Holsters), a Nevada limited liability company,<br><br>Defendant. | Case No.  2:25-cv-909<br><br>**COMPLAINT** |

Plaintiff Arrowhead Tactical Apparel, LLC ("Arrowhead"), brings this action against Defendant Ecommerce Innovations, LLC, d/b/a We The People Holsters ("We The People") and alleges as follows:

**INTRODUCTION, PARTIES, AND JURISDICTION**

1. Arrowhead is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business located at 7115 Southpoint Parkway, STE 5 – 134, Brentwood, Tennessee 37027.

/ / /

1

2. We The People is a Nevada Limited Liability Company with its principal place of business located at 3585 East Patrick Lane, Suite 1200, Las Vegas, Nevada 89120.

3. Upon information and belief, David Strager, either alone or jointly, authorized, participated in, directed, controlled, caused, ratified, and/or was the direct or indirect moving force behind We The People's unlawful activities described herein.

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general and specific personal jurisdiction over We The People because, inter alia, We The People is domiciled in the State of Nevada, We The People and/or its agents regularly do business in the State of Nevada, and We The People and/or its agents infringe the patents described below in this State, deriving revenue and value therefrom, so as to purposefully avail itself of the privilege of conducting business within this State.

7. This Court may exercise jurisdiction over We The People on the ground that, inter alia, the conduct of We The People and/or its agents as alleged herein caused and continues to cause injury to Arrowhead in the State of Nevada and in this District.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b) because We The People has a regular and established place of business in this District and is distributing and selling the infringing product in this District.

9. We The People has purposefully and voluntarily placed infringing products into the stream of commerce with the knowledge, understanding and expectation that such products would be purchased in the District of Nevada, and the products were and are currently available for purchase in the District of Nevada.

**FACTUAL BACKGROUND**

**ARROWHEAD**

10. Arrowhead is a cutting-edge athletic clothing company offering apparel designed for safe, comfortable and functional concealed carry of weaponry and related accessories.

11. Arrowhead markets and sells high-quality athletic clothing products in the State of Nevada and throughout the United States.

12. Since its inception, Arrowhead has had a particular focus on the category of products offering an improved concealed carry experience.

13. Arrowhead manufactures and sells diverse apparel, including various types of joggers, pants and shorts featuring Arrowhead's "Carrier Retention Waistband."

14. Arrowhead is the owner of several United States Patents, including U.S. Patent No. 11,259,583 ("the '583 Patent"); and U.S. Patent No. 11,672,294 ("the '294 Patent") both of which claim priority to Application Serial No. 17/412,986, filed August 26, 2021 ("the '986 Application").

15. The '583 Patent and the '294 Patent are referred to herein collectively as the "Patents-In-Suit."

*The '583 Patent*

16. On March 1, 2022, the United States Patent and Trademark Office duly and legally issued the '583 Patent, entitled "Apparel for Securing and Carrying an Object."

17. A true and correct copy of the '583 Patent is attached as Exhibit 1.

18. The '583 Patent is subsisting and presumed valid under 35 U.S.C. § 282.

19. The '583 Patent is directed, in part, to an article of clothing comprising a waistband configured to receive a belt assembly.

20. Claim 1 of the '583 Patent is directed to an article of clothing, comprising: (a) a waistband configured to secure and carry at least one objection on a wearer's waist, the waistband comprising: (b) a first portion configured to form a circumferential waist part of the article of clothing and include (c) at least a first channel and (d) a second channel, (e) the first channel having an elastic band therethrough, and (f) the second channel having drawstrings therethrough; and (g) a second portion configured to include a plurality of belt loops evenly spaced and positioned along the first portion of the waistband, wherein (h) the plurality of belt loops are configured to receive a belt assembly therethrough.

/ / /

/ / /

3

*The '294 Patent*

21. On June 13, 2023, the United States Patent and Trademark Office duly and legally issued the '294 Patent, entitled "Apparel for Securing and Carrying an Object."

22. A true and correct copy of the '294 Patent is attached as Exhibit 2.

23. The '294 Patent is subsisting and presumed valid under 35 U.S.C. § 282.

24. The '294 Patent is directed, in part, to an article of clothing comprising a waistband configured to receive a belt assembly.

25. Claim 1 of the '294 Patent is directed to an article of clothing comprising: (a) a waistband configured to secure and carry at least one holster with a handgun stored therein on a wearers' waist, wherein the waistband comprises: (b) a first portion configured to form a circumferential waist part of the article of clothing and include (c) at least a first channel and (d) a second channel, (e) the first channel having an elastic band therethrough, and (f) the second channel having drawstrings therethrough; and (g) a second portion configured to include a plurality of belt loops spaced and positioned along the first portion of the waistband, wherein (h) the plurality of belt loops are configured to receive a belt assembly therethrough, wherein (i) the at least one holster comprises at least one holster clip for releasably securing the at least one holster to at least one of the waistband or the belt assembly.

## WE THE PEOPLE'S PATENT INFRINGEMENT

26. We The People makes, uses, offers to sell and/or sells the product known as the "Guardian Carry Joggers with Slimline Gun Belt" ("Infringing Product").

27. We The People maintains the website https://wethepeopleholsters.com/ to market, offer for sale, sell and distribute the Infringing Products.

28. For example, the Guardian Carry Joggers with Slimline Gun Belt is available at https://wethepeopleholsters.com/products/guardian-carry-joggers.

29. Screenshots of the Infringing Product being advertised and offered for sale across various commercial platforms are attached as Exhibit 3.

30. The Infringing Product competes directly with Arrowhead's products in the concealed carry apparel category nationwide, including within the District of Nevada.

4

**INFRINGEMENT OF THE '583 PATENT**

31. The Infringing Product was designed and is promoted as a pair of joggers with attached belt loops (allowing a wearer to add a belt to the joggers) facilitating the carrying of a variety of objects.

32. The Infringing Product meets all of the elements of at least claim 1 of the '583 Patent.

33. The Infringing Product is an article of clothing, comprising: (a) a waistband configured to secure and carry at least one objection on a wearer's waist, the waistband comprising: (b) a first portion configured to form a circumferential waist part of the article of clothing and include (c) at least a first channel and (d) a second channel, (e) the first channel having an elastic band therethrough, and (f) the second channel having drawstrings therethrough; and (g) a second portion configured to include a plurality of belt loops evenly spaced and positioned along the first portion of the waistband, wherein (h) the plurality of belt loops are configured to receive a belt assembly therethrough.

34. An infringement chart is provided below.

| U.S. Patent No. 11,259,583 | Guardian Jogger |
|---|---|
| **Claim 1:** An article of clothing, compromising: | The Guardian Joggers are a pair of pants, which is an article of clothing as described in Claim 1 of the '583 Patent. |

| | |
|---|---|
|  | |
| a waistband configured to secure and carry at least one object on the wearer's waist, the waistband comprising: | The Guardian Joggers include a waistband configured to secure and carry at least one object on the wearer's waist as described in Claim 1 of the '583 Patent.<br> |
| a first portion configured to form a circumferential waist part of the article of clothing and include | The waistband of the Guardian Joggers includes a first portion configured to form a circumferential waist part of the article of clothing as described in Claim 1 of the '583 Patent. |

6



| | | |
|---|---|---|
| | at least a first channel and | The first portion of the waistband of the Guardian Joggers includes a first channel as described in Claim 1 of the '583 Patent. |
| | a second channel, | The first portion of the waistband of the Guardian Joggers includes a second channel as described in Claim 1 of the '583 Patent. |
| | the first channel having an elastic band therethrough, and | The first channel has an elastic waistband therethrough as described in Claim 1 of the '583 Patent. |

7

| | | |
|---|---|---|
| | |  |
| | the second channel having drawstrings therethrough, and | The second channel has drawstring therethrough as described in Claim 1 of the '583 Patent. |

| | |
|---|---|
| a second portion configured to include a plurality of belt loops evenly spaced and positioned along the first portion of the waistband, | The waistband of the Guardian Joggers includes a second portion configured to include a plurality of belt loops evenly spaced and positioned along the first portion of the waistband as described in Claim 1 of the '583 Patent.<br><br><br><br>The belt loops are evenly spaced and positioned along the first portion of the waistband as described in Claim 1 of the '583 Patent as evidenced by the distance between belt loop A and B equaling the distance between belt loops B and C which equals the distance between belt loops C and D which equals the distance between belt loops D and A.<br><br> |
| wherein the plurality of belt loops are configured to receive a belt assembly therethrough. | The plurality of belt loops are configured to receive a belt assembly therethrough as described in Claim 1 of the '583 Patent.<br><br> |

9

35. Accordingly, the Infringing Product infringes claim 1 of the '583 Patent.

**INFRINGEMENT OF THE '294 PATENT**

36. The Infringing Product was designed and is promoted as a pair of joggers with attached belt loops (allowing a wearer to add a belt to the joggers) facilitating the carrying of a variety of objects.

37. The Infringing Product meets all of the elements of at least claim 1 of the '294 Patent.

38. The Infringing Product is an article of clothing comprising: (a) a waistband configured to secure and carry at least one holster with a handgun stored therein on a wearers' waist, wherein the waistband comprises: (b) a first portion configured to form a circumferential waist part of the article of clothing and include (c) at least a first channel and (d) a second channel, (e) the first channel having an elastic band therethrough, and (f) the second channel having drawstrings therethrough; and (g) a second portion configured to include a plurality of belt loops spaced and positioned along the first portion of the waistband, wherein (h) the plurality of belt loops are configured to receive a belt assembly therethrough, wherein (i) the at least one holster comprises at least one holster clip for releasably securing the at least one holster to at least one of the waistband or the belt assembly.

39. An infringement chart is provided below.

| U.S. Patent No. 11,672,294 | Guardian Jogger |
|---|---|
| **Claim 1:** An article of clothing, comprising: | The Guardian Joggers are a pair of pants, which is an article of clothing as described in Claim 1 of the '294 Patent.<br> |
| a waistband configured to secure and carry at least one holster with a handgun stored therein on a wearer's waist, wherein the waistband comprises: | The Guardian Joggers include a waistband configured to secure and carry at least one holster with a handgun stored therein on a wearer's waist as described in Claim 1 of the '294 Patent.<br> |

11

| | |
|---|---|
| a first portion configured to form a circumferential waist part of the article of clothing and include | The waistband of the Guardian Joggers includes a first portion configured to form a circumferential waist part of the article of clothing as described in Claim 1 of the '294 Patent.<br> |
| at least a first channel and | The first portion of the waistband of the Guardian Joggers includes a first channel as described in Claim 1 of the '294 Patent.<br> |
| a second channel, | The first portion of the waistband of the Guardian Joggers includes a second channel as described in Claim 1 of the '294 Patent.<br> |

12

| | |
|---|---|
| the first channel having an elastic band therethrough, and | The first channel has an elastic waistband therethrough as described in Claim 1 of the '294 Patent. |
| the second channel having drawstrings therethrough; and | The second channel has drawstring therethrough as described in Claim 1 of the '294 Patent.  |

| | |
|---|---|
| a second portion configured to include a plurality of belt loops spaced and positioned along the first portion of the waistband, | The waistband of the Guardian Joggers includes a second portion configured to include a plurality of belt loops spaced and positioned along the first portion of the waistband as described in Claim 1 of the '294 Patent.<br> |
| wherein the plurality of belt loops are configured to receive a belt assembly therethrough, | The plurality of belt loops are configured to receive a belt assembly therethrough as described in Claim 1 of the '294 Patent.<br> |
| wherein the at least one holster comprises at least one holster clip for releasably securing the at least one holster to at least one of the waistband or the belt assembly. | This limitation refers back to the "waistband configured to secure and carry at least one holster" and further defines the holster as containing a releasable clip. It does not require any further configuring of the waistband so long as the waistband can accommodate a clipped holster (as in the case of the Infringing Product).<br> |

14

40. Accordingly, the Infringing Product infringes claim 1 of the '294 Patent.

**DIRECT INFRINGEMENT**

41. By virtue of its activities, We The People is a direct infringer of one or more claims of the Patents-In-Suit.

42. The Infringing Product was specifically designed, manufactured, shipped, distributed, advertised, offered for sale, or sold by We The People to include certain elements that, by virtue of their inclusion in the Infringing Product, were known to meet all elements recited in the claims of the Patents-In-Suit.

43. We The People has known about the '583 Patent at least as early as July, 2022 when Arrowhead sent a letter informing We The People of its patent rights.

We The People has known about the '294 Patent at least as early as September, 2022 when Arrowhead sent a letter informing We The People of the application which lead to the '294 Patent (issued on June 13, 2023).

**INDIRECT INFRINGEMENT**

44. By virtue of their activities, We The People is and was an indirect infringer of one or more claims of the Patents-In-Suit, including committing inducement to infringe and/or contributory infringement.

*Inducement To Infringe*

45. We The People induced direct infringement of at least claim 12 of the '583 and claim 9 of the '294 Patent by one or more consumers, end users, or other individuals who have purchased or otherwise acquired the Infringing Product and affixed a holster with a clip ("End Users").

46. The Infringing Product with a holster with a clip includes all of the elements of at least claim 12 of the '583 and claim 9 of the '294 Patent.

47. We The People acted with the specific intention to induce End Users to infringe one or more of the Patents-In-Suit.

48. We The People's advertising and promotion of the Infringing Product direct End Users to use a holster with the Infringing Product thereby acting in a manner that encourages, urges, or induces End Users to infringe the Patents-in-Suit.

49. We The People knew that the acts of the End Users would constitute infringement of one or more of the Patents-In-Suit, or despite knowing there was a high probability that the acts of the End Users would commit direct infringement, turned a blind eye towards that high probability by promoting and selling compatible holsters and demonstrating their use.

50. We The People specifically instructs End Users to use the Infringing Product as "concealed carry joggers" with "[i]Inner belt loops placed in optimal position for concealed carry" while selling the clipped holsters recited in the claims in the Patents-In-Suit.

51. As a direct result of We The People's activities, End Users used the Infringing Product and directly infringed one or more of the claims in the Patents-In-Suit.

52. We The People has therefore specifically intended to cause and therefore induced End Users to directly infringe the claims of the Patents-In-Suit.

*Contributory Infringement*

53. We The People contributed to direct infringement of at least claim 12 of the '583 and claim 9 of the '294 Patent by one or more consumers, end users, or other individuals who have purchased or otherwise acquired the Infringing Product and affixed a holster with a clip.

54. The Infringing Product is a special purpose product intended to be used to practice the claims of the Patents-In-Suit.

55. The Infringing Product with a holster with a clip includes all of the elements of at least claim 12 of the '583 and claim 9 of the '294 Patent.

56. The Infringing Products are not staple articles of commerce.

57. The Infringing Products are not suitable for any non-infringing uses.

58. Neither We The People's advertisements nor promotions for the Infringing Product disclose any uses that do not infringe at least one claim of the Patents-In-Suit.

59. We The People had knowledge that the Infringing Product was especially designed for and adapted by End-Users for the subject matter claimed in the Patents-In-Suit.

60. We The People had knowledge that the Infringing Product meets all the elements of one or more of the claims of the Patents-In-Suit when a clipped holster is affixed.

///

61. We The People knowingly and willfully elected to indirectly infringe the Patents-In-Suit despite knowledge of the existence of the Patents-In-Suit and the infringing nature of the Infringing Product, or turned a blind eye to such infringement.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 11,259,583

62. Arrowhead repeats, realleges and incorporates paragraphs 1-19, 25-34 and 40-61 as if fully restated herein.

63. We The People has directly infringed, is directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '583 Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Infringing Product.

64. We The People has infringed, is infringing, and will continue to infringe, literally and under the doctrine of equivalents, by inducing the infringement of others, of one or more claims of the '583 Patent under 35 U.S.C § 271(b) by making, using, selling, and/or offering for sale the Infringing Product.

65. We The People has infringed, is infringing, and will continue to infringe, literally or under the doctrine of equivalents, by contributing to the infringement of others, of one or more claims of the '583 Patent under 35 U.S.C § 271(c) by making, using, selling, and/or offering for sale the Infringing Product.

66. We The People's acts of patent infringement are willful.

67. Arrowhead has no adequate remedy at law.

68. We The People's patent infringement is causing irreparable injury to Arrowhead and, unless enjoined, will continue to cause irreparable injury.

69. As a result of We The People's intentional and willful infringement, Arrowhead is entitled to an injunction and damages in a sum to be determined.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 11,672,294

70. Arrowhead repeats, realleges and incorporates paragraphs 1-14, 20-29 and 35-61 as if fully restated herein.

71. We The People has directly infringed, is directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '294 Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Infringing Product.

72. We The People has infringed, is infringing, and will continue to infringe, literally and under the doctrine of equivalents, by inducing the infringement of others, of one or more claims of the '294 Patent under 35 U.S.C § 271(b) by making, using, selling, and/or offering for sale the Infringing Product.

73. We The People has infringed, is infringing, and will continue to infringe, literally or under the doctrine of equivalents, by contributing to the infringement of others, of one or more claims of the '294 Patent under 35 U.S.C § 271(c) by making, using, selling, and/or offering for sale the Infringing Product.

74. We The People's acts of patent infringement are willful.

75. Arrowhead has no adequate remedy at law.

76. We The People's patent infringement is causing irreparable injury to Arrowhead and, unless enjoined, will continue to cause irreparable injury.

77. As a result of We The People's intentional and willful infringement, Arrowhead is entitled to an injunction and damages in a sum to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Arrowhead demands judgment in their favor on all Counts in their Complaint and request the following relief:

1. To enter judgment that We The People has infringed and is infringing the Patents-In-Suit;

2. To enter an order temporarily and permanently enjoining We The People and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the Patents-In-Suit, and from manufacturing, selling, or offering for sale the Infringing Product, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

3. Award Arrowhead damages adequate to compensate for We The People's infringing acts, at a minimum at reasonable royalty, in accordance with 35 U.S.C. § 284;

4.     Award Arrowhead interest and costs pursuant to 35 U.S.C. § 284 and Rule 54(d) of the Federal Rules of Civil Procedure.

5.     Increase Arrowhead's damages up to three times in view of We The People's deliberate and willful infringement, in accordance with 35 U.S.C. § 284;

6.     Declare that this case is exceptional under 35 U.S.C. § 285 and award Arrowhead its attorneys' fees, expenses and costs;

7.     Award such other relief as this Court deems just and proper.

## JURY DEMAND

Arrowhead demands a trial by jury on all issues so triable as a matter of right.

DATED May 23, 2025.

_____
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1180 North Town Center Drive, Suite 290
Las Vegas, NV 89144

GREGORY L. HILLYER (to be admitted *pro hac vice*)
NICHOLAS J. SULLIVAN (to be admitted *pro hac vice*)
**HILLYER LEGAL, PLLC**
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052

*Attorneys for Plaintiff*

19

**INDEX OF EXHIBITS**

| | |
|---|---|
| EXHIBIT 1 | '583 Patent |
| EXHIBIT 2 | '294 Patent |
| EXHIBIT 3 | Screenshots of the Infringing Product |